**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Norris, | No. CV-20-01212-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Shenzhen IVPS Technology Company Limited, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's application for entry of default against Defendant Shenzhen IVPS Technology Company Limited ("Shenzhen IVPS"), which appears to also be a motion for default judgment. (Doc. 12.) For the following reasons, the application is denied without prejudice, and to the extent this filing is also intended to be a motion for default judgment, it is further denied without prejudice.

**BACKGROUND**

On June 17, 2020, Plaintiff filed the complaint, naming as Defendants two Chinese corporations, Shenzhen IVPS and Shenzhen Smok Technology Co., Ltd., along with various unknown entities and persons using pseudonyms (XYZ Corporations I-III; ABC Partnerships I-III; John and Jane Does I-III). (Doc. 1.) The complaint asserts claims for product liability and negligence as to all Defendants. (*Id.* at 4-6.)

The deadline to serve all Defendants has been extended to January 23, 2022. (Doc. 11.)

On October 12, 2021, Plaintiff filed the pending application for entry of default.

(Doc. 12.) The two-page application "requests Default be entered against" Shenzhen IVPS and also "requests that the Court enter default judgment" against this Defendant. (*Id.* at 1-2.) Finally, it requests that "the Court set a time for a hearing on Plaintiff's damages." (*Id.* at 2.) Attached to the application is the purported proof of service on Shenzhen IVPS, which consists of a letter from Ancillary Legal Corporation in Atlanta, Georgia to Plaintiff's counsel and two pages of paperwork, the latter of which appears to be filled out in Chinese. (Doc. 12-1.)

**DISCUSSION**

Pursuant to LRCiv 7.1(b)(1), "[a]ll pleadings and other papers shall be written in the English language." The Court recognizes the difficulties of effecting service abroad, but when the certificate of service obtained from a foreign government is written in a language other than English, proof of service must include an English translation and an affidavit from the translator attesting to the translator's competence and the veracity of the translation. Without this, the Court has no way of verifying that service has, in fact, been effected. For that reason, the Clerk cannot enter default at this time. Plaintiff may resubmit an application for entry of default with adequate proof of service. *See, e.g.*, *Parker v. Alexander Marine Co.*, 2014 WL 12580252, *2 (C.D. Cal. 2014) (allowing plaintiffs to amend proof of service to include English translation).

Furthermore, the application for entry of default cannot double as a motion for default judgment because Plaintiff seeks two separate forms of relief from two separate entities: entry of default from the Clerk of Court pursuant to Rule 55(a) and default judgment from the Court pursuant to Rule 55(b)(2). *Palmer v. Cty. of Yavapai*, 2010 WL 11523897, *1 (D. Ariz. 2010) ("Because plaintiff's claim . . . is not for a 'sum certain or a sum that can be made certain by computation,' plaintiff must apply to the court and not the Clerk for a default judgment.").

Finally, after Plaintiff obtains a translation of the certificate of service and applies for and obtains entry of default from the Clerk, Plaintiff may file a motion for default judgment—but this motion should be a fully-fleshed motion that enables the Court to grant

relief. *Szabo v. Sw. Endocrinology Assocs. PLLC*, 2021 WL 3411084, *1 (D. Ariz. 2021). To prevail on a motion, the moving party must apply the law to the facts of the case. LRCiv 7.2(b) (the moving party must "set[] forth the points and authorities relied upon in support of the motion"). A motion for default judgment is a case-dispositive motion which requires the Court to undertake an in-depth analysis. *See, e.g.*, *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590 (D. Ariz. 2021); *Trident Inv. Partners Inc. v. Evans*, 2021 WL 75826 (D. Ariz. 2021). The "decision whether to enter a default judgment is a discretionary one," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and the Court considers various factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Thus, motions for default judgment—at least the successful ones—are typically fully developed, such that the Court has, from the papers, all that is necessary to grant or deny relief, with or without a hearing. 2 Gensler, Federal Rules of Civil Procedure: Rules and Commentary, Rule 55, at 119 (2018) ("A live evidentiary hearing [on damages] is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it."). *See also Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F.Supp.2d 4, 7 (D.D.C. 2012) ("While the entry of default establishes the Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. In instances where the amount of damages is not certain, the court may hold a hearing, but is not required to do so as long as there is a basis for determining damages for purposes of the default judgment. In making an independent determination, the court may rely on detailed affidavits or documentary evidence.") (citations and internal quotation marks omitted); *I & U Inc v. Publishers Sols. Int'l*, 2013 WL 12155691, *2 (C.D. Cal. 2013) ("Plaintiff has

fallen far short of what the Ninth Circuit requires in pursuing a motion for default judgment. . . . While Plaintiff seeks to hold its factual support until oral argument, it is entirely likely that, should this motion come before the Court again, it will be decided without a hearing.").

"[D]efault judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. A party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment. Plaintiff also bears the burden of demonstrating entitlement to the sought amount of damages. *Assaf v. Carp*, 2018 WL 6051514, *1 (C.D. Cal. 2018) ("On a motion for default judgment, Plaintiffs carry the burden of proving up their damages" by providing "detailed affidavits and supporting exhibits."). This burden should be met in the motion itself; a request for a hearing cannot substitute for meeting this burden on the papers.

Accordingly,

**IT IS ORDERED** that Plaintiff's application for entry of default and motion for default judgment (Doc. 12) is denied without prejudice.

Dated this 16th day of October, 2021.

Dominic W. Lanza
United States District Judge