**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Norris, | No. CV-20-01212-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Shenzhen IVPS Technology Company Limited, et al., | |
| Defendants. | |

On November 1, 2022, the Court issued an order denying Defendant Shenzhen IVPS Technology Company Ltd.'s ("Shenzhen IVPS") motion to set aside default.  (Doc. 37.) Now pending before the Court is Shenzhen IVPS's motion for reconsideration.  (Doc. 38.) For the following reasons, the motion is denied.

## LEGAL STANDARD

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  *See also* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 54, at 77-78 (2022) ("[T]rial courts will exercise their discretion to reconsider interlocutory rulings only when there is a good reason to do so, including (but not limited to) the existence of newly-discovered evidence that was not previously available, an intervening change in the controlling law, or a clear error rendering the initial decision manifestly unjust."); LRCiv 7.2(g)(1) ("The Court will

ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks omitted). For example, "it is a clear error of law to not apply controlling . . . precedent." *Id.* "[M]anifest injustice is defined as an error in the trial court that is direct, obvious, and observable." *Smith v. City of Quincy*, 2011 WL 1303293, *1 (E.D. Wash. 2011) (internal quotation marks omitted).

## ANALYSIS

In the November 1, 2022 order, the Court evaluated whether good cause existed to set aside the entry of default against Shenzhen IVPS. (Doc. 37.) As part of this evaluation, the Court considered the three *Falk* factors: "(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984). The standard is "disjunctive," such that a determination adverse to Shenzhen IVPS on any one of these factors would have been a "sufficient reason . . . to refuse to set aside the default." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). The Court determined that all three factors were adverse to Shenzhen IVPS.

Because denying the motion to vacate was within the Court's discretion if any one factor was adverse, Shenzhen IVPS would likely need to demonstrate that the Court made mistakes as to all three *Falk* factors for the Court to be "left with the definite and firm conviction" that its decision was wrong. As explained below, the Court is not persuaded that it erred as to any one factor, let alone all three.[1]

---

[1] Shenzhen IVPS also suggests there might have been "confusion" as to the contents of its motion to vacate default. (Doc. 38 at 1.) In particular, Shenzhen IVPS takes issue with the assertion in the November 1, 2022 order that "[t]he portion of Shenzhen IVPS's motion arguing that the Court should vacate the entry of default" is "less than three pages long" (Doc. 37 at 11), arguing that "the first seven (7) pages of the responsive pleading constitute IVPS's Motion to Vacate." (Doc. 38 at 1.) There was no confusion on this point. Pages 1 through 4 of the motion contain an "introduction" and "statement of facts and procedural posture," whereas the "Argument" section begins on page 5, line 8 and

I.      Culpability

As for culpability, Shenzhen IVPS concedes that it "is a sophisticated party" and acknowledges that "[w]hen dealing with a sophisticated defendant the Court *may* assume the defendant understood the consequences of its actions, and with it, find it intentionality." (Doc. 38 at 4-5.) The reconsideration analysis could end right there. It would not be an abuse of discretion—and therefore would not be clearly erroneous or manifestly unjust—to assume Shenzhen IVPS's culpability from its sophistication alone and decline to vacate the entry of default on that basis. It would be harsh, perhaps, but allowable under Ninth Circuit precedent and therefore not "manifestly" unjust.

Nevertheless, the Court will further address Shenzhen IVPS's reconsideration arguments. The Court did not, in fact, assume Shenzhen IVPS's culpability from its sophistication alone. The Court found that Shenzhen IVPS's "conduct evinces 'bad faith.'" (Doc. 37 at 8.) Shenzhen IVPS states that the culpability analysis in the November 1, 2022 order was based on unfounded assumptions. (Doc. 38 at 5.) However, Shenzhen IVPS fails to demonstrate that the line of reasoning in the November 1, 2022 order is flawed. In its motion to vacate, Shenzhen IVPS claimed that it "believed a responsive pleading was not yet due" because "Plaintiff had not completed service by filing an Affidavit of Service." (Doc. 21 at 5.) The Court reasoned that "Shenzhen IVPS could not know that an affidavit of service had not yet been filed with the Court unless it was checking the docket for this case." (Doc. 37 at 7.) Shenzhen IVPS offers no alternative explanation for how it could have known that Plaintiff had not filed an affidavit of service. As such, Shenzhen IVPS makes no challenge to the reasoning supporting the Court's finding.

Nor does Shenzhen IVPS's claim of "inadvertent error" (*id.* at 5) make any sense in the context of the Court's analysis. The Court began its culpability analysis with the premise that Shenzhen IVPS, based on its own assertion that it had erred in interpreting the applicable rules and believed it could wait to respond until Plaintiff filed an affidavit of service, must have been reviewing the docket to see when that affidavit of service had been

---

concludes on page 7, line 8. (Doc. 21.) It is, in fact, barely more than two pages long.

filed. Shenzhen IVPS does not expressly deny this, and again, offers no other explanation. The Court then questioned why Shenzhen IVPS failed to respond even after Plaintiff filed an affidavit of service on October 12, 2021. (*Id.* at 7-8.) Perhaps there was some "inadvertent error" there, but Shenzhen IVPS does not explain what it might have been. The Court then noted that a review of the docket would have enabled Shenzhen IVPS to see the lengths to which Plaintiff was going in his effort to obtain entry of default, yet Shenzhen IVPS waited until Plaintiff successfully obtained entry of default before finally appearing to file a motion to vacate that entry of default. Shenzhen IVPS does not offer a good-faith explanation for that conduct. It is unclear how an "inadvertent error" of any sort could explain it.

II. Prejudice

As for prejudice to Plaintiff, Shenzhen IVPS asserts that "all evidence which goes to the heart of Plaintiff's products liability action—the product, the design and manufacturing plans for the product, Plaintiff's injuries, and Plaintiff's medical records—remains accessible through the normal course of discovery." (Doc. 38 at 4.)

Shenzhen IVPS once again "fails to substantively address Plaintiff's specific assertions regarding prejudice, including the allegation that '[o]ne of Defendant's social media accounts, Smok_Tech, has been taken down and no longer exists.'" (Doc. 37 at 11 [quoting Doc. 22 at 5].) To the extent Shenzhen IVPS's argument is that the missing evidence would only be relevant to the issue of personal jurisdiction and would not be relevant for purposes of Plaintiff's "case in chief,"[2] this argument is both factually questionable (it is certainly possible that the contents of the now-defunct social media account might have contained information about "the product" and/or "the design and manufacturing plans for the product") and legally irrelevant (Shenzhen IVPS cites no law in support of the contention that prejudice, for purposes of the *Falk* analysis, must be to

---

[2] Shenzhen IVPS's motion contains the following passage: "The focus of Plaintiff, and in turn the Court, has been on the issue of personal jurisdiction. Plaintiff failed to establish how he was prejudiced by any delay in proving its case in chief." (Doc. 38 at 4.) Although this passage is not a model of clarity, the Court construes it, as discussed in the text above, as an argument about the issues as to which the missing evidence is (and is not) relevant.

- 4 -

proving a plaintiff's case-in-chief rather than proving jurisdiction).

Shenzhen IVPS also argues that "Plaintiff's concern over witnesses becoming stale and former employees becoming unavailable are [sic] undercut by the fact that Plaintiff did not file suit until one day before the statute of limitations was set to run, and then took several months to comply with the Court's order to obtain a translation of the certificate of service." (Doc. 38 at 4.) This argument does not merit reconsideration because the Court already addressed, in the November 1, 2022 order, the time Plaintiff took to comply with the order to obtain a translation of the affidavit of service:

> Less time might have elapsed between Shenzhen IVPS's failure to respond to the complaint by the May 19, 2021 deadline and entry of default on June 1, 2022 had Plaintiff been speedier in obtaining an English translation of the affidavit of service needed to obtain entry of default. Nevertheless, in light of the finding that Shenzhen IVPS's failure to respond was culpable and the fact that at any time during the year-long delay, Shenzhen IVPS could have filed an answer, obviating Plaintiff's need to pursue default and thereby ending the needless delay, the Court considers Shenzhen IVPS responsible for the delay.

(Doc. 37 at 11 n.5.)

Furthermore, the time Plaintiff took to file suit does not undercut Plaintiff's assertions of prejudice. The injury that caused the statute of limitations to begin running arose from "a substantial fire" in Plaintiff's residence that caused him to be "severely injured." (Doc. 1 ¶ 13.) Plaintiff no doubt needed time to heal and attend to the damage to his residence before turning his attention to litigation. At any rate, Plaintiff acted within the time allotted to file suit.

III.     Meritorious Defense

The portion of Shenzhen IVPS's two-page vacatur argument that was devoted to the "meritorious defense" *Falk* factor was four lines long and read, in its entirety, as follows:

> IVPS has a meritorious defense to the allegations contained in Plaintiff's Complaint as IVPS is simultaneously moving to dismiss the Complaint for a lack of personal jurisdiction. For the reasons set out further hereinbelow, IVPS is not subject to the jurisdiction of the Court and is respectfully requesting to be dismissed.

(Doc. 21 at 6:9-12.) However, Shenzhen IVPS later filed a motion to withdraw its motion to dismiss for lack of personal jurisdiction. (Doc. 35.) The motion to withdraw stated, in

its entirety:

> Defendant Shenzhen IVPS Technology Co., Ltd. ("IVPS") moves to partially withdraw its Motion to Dismiss for Lack of Personal Jurisdiction and Alternatively Motion for More Definite Statement. This request does not impact IVPS's Motion to Vacate Default. IVPS is NOT withdrawing its Motion to Vacate Default. IVPS moves to withdraw its Motion to Dismiss for Lack of Personal Jurisdiction and Motion for a More Definite Statement, Exhibit A "Declaration of Yuan Fumin" (DKT 21-1), and Exhibit A "Declaration of Yuan Fumin" (DKT 29-1), ONLY. As the Court is aware, IVPS recently retained new counsel to represent it in this matter. IVPS wishes for its new counsel to have the opportunity to perform its own due diligence and research into the issues brought forward in these motions before being addressed by this Court. If warranted, IVPS may bring these motions later within any period provided to file a responsive pleading to the Complaint.

(*Id.*, emphasis omitted). Based on this development, the Court ruled as follows in the November 1, 2022 order: "[O]nly one sentence [of the motion to vacate] is devoted to arguing that Shenzhen IVPS has a meritorious defense: 'IVPS has a meritorious defense to the allegations contained in Plaintiff's Complaint as IVPS is simultaneously moving to dismiss the Complaint for a lack of personal jurisdiction' . . . [but] Shenzhen IVPS subsequently withdrew its motion to dismiss for lack of personal jurisdiction (as well as its motion for a more definite statement). As such, Shenzhen IVPS has withdrawn its only asserted defense." (Doc. 37 at 11.)

In its reconsideration request, Shenzhen IVPS now argues that "[a]lthough [it] withdrew its Motion to Dismiss, the personal jurisdiction defense was still asserted in IVPS's Motion to Vacate." (Doc. 38 at 3.) This argument is logically incoherent—as discussed above, Shenzhen IVPS expressly withdrew its personal jurisdiction challenge and the evidence on which that challenge was based. Shenzhen IVPS cannot have it both ways—it cannot withdraw its motion to dismiss for lack of jurisdiction from the Court's consideration but then still expect the Court to consider it.

At any rate, any personal jurisdiction defense would have been meritless. Although the Court will not undertake a full-blown analysis, it will briefly discuss Shenzhen IVPS's raised-then-withdrawn-and-now-apparently-reasserted jurisdictional argument.

Both parties submitted evidence bearing on personal jurisdiction. Shenzhen IVPS

submitted two declarations from Yuan Furmin, its marketing director.  (Docs. 21-1, 29-1.)[3]  Plaintiff submitted documentary evidence, primarily in the form of screenshots of Shenzhen IVPS's website and social media pages.  (Doc. 22-1.)

The factual assertions in Furmin's initial declaration were as follows: Shenzhen IVPS "does not sell directly to consumers," "does not have any direct customers in Arizona and has never made any direct sales to Arizona," "has never sold or shipped any products directly to Arizona," "only sells goods to distributors," has "distributorship agreements" which designate "countries as authorized territories" but do not subdivide the territories into states, "has no control" and "no knowledge" as to where its products are sold beyond knowing they are sold and shipped to the "authorized territories," "receives payments for its products in Chinese yuan," does not have property or offices in Arizona, "does not advertise, market, or solicit any business in Arizona," has no employees, agents, or representatives who have "ever visited Arizona for business purposes," is not "licensed" or "registered" to "do business" in Arizona, has never paid taxes in Arizona, has never agreed to perform contractual duties in Arizona, has never "made any in-person contact" with an Arizona resident regarding any business relationship, does not "directly" transact business in Arizona, "does not sell its products to anyone with known connections to Arizona," does not sell its products "through eBay, Amazon, or similar websites," and never "performed service, repair, or maintenance" on Plaintiff's e-cigarette "in Arizona" before it exploded.  (Doc. 21-1.)

Plaintiff, in response, provided evidence that contradicted some of the facts asserted in Furmin's initial declaration.  Plaintiff included screenshots of the website www.smoketech.com, which states that it is subject to "Copyright © 2022 Shenzhen IVPS Technology Co., Ltd. All Rights Reserved."  (Doc. 22-1 at 3.)  This website includes a page entitled "About IVPS," which includes a photograph of a corporate lobby with a large desk, behind which the wall prominently displays the word brand name SMOK®.  (*Id.* at 2.)  According to its "About IVPS" page, through "its e-cigarette research and

---

[3]  Both declarations were subsequently withdrawn.

development" and by "focusing on brand construction and operation, sale channels development and management from both home and abroad and continuous innovation," Shenzhen IVPS has made its "leading brand," SMOK®, "a first class global brand in the electronic cigarette industry." (*Id.* at 2, 4.) The SMOK® brand "launched an exclusive [app]" called "IVPS Tour," which serves as a "vaporizer management" system and "social platform" to allow its customers to "make friends with other vapers all over the world." (*Id.* at 4.) Shenzhen IVPS promotes itself as having "established a complete customer service system," assuring customers that "choosing IVPS" or "choosing SMOK®" is "choosing a trustworthy friend." (*Id.* at 2, 4.) Notably, the website has a link, accessible from each page of the website, entitled "STORE." (*Id.* at 2, 3, 4, 5, 7.) The store features photos of various products and their prices, and there is an icon of a shopping cart bearing the word "CART." (*Id.* at 9-15.)

The second Furmin declaration, which was attached to Shenzhen IVPS's reply in support of its now-withdrawn motion to dismiss, stated that the smoktech.com website "has been used by multiple companies since it was launched" and that it has not been "exclusively maintained, operated or copyrighted" by Shenzhen IVPS. (Doc. 29-1 ¶¶ 9-10.) The assertion that Shenzhen IVPS's ownership was not "exclusive" does not amount to a denial of ownership of the website, nor is there any challenge to the authenticity of the screenshots or any denial of the veracity of the website's contents. At any rate, because "all disputed facts" must be resolved "in favor of the plaintiff" when resolving a motion to dismiss for lack of personal jurisdiction, *Burri L. PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022), Plaintiff's evidence was sufficient to establish that Shenzhen IVPS sold its products directly to consumers and offered ongoing customer service to consumers.

Plaintiff also submitted screenshots of social media pages. A Facebook account with the username "Smok"—which is Shenzhen IVPS's leading brand—and a profile photo bearing the SMOK® corporate emblem posted the following invitation to its "Valued Customers": "Welcome to visit our Booth at EuroTab and Tucson Arizona Vape Expo." (Doc. 22-1 at 17.) Also included were two links to the www.smoketech.com

website. (*Id.*)  A similar invitation to visit Smok's booth at a vaping expo in Phoenix was also posted. (*Id.* at 21.)  The Furmin reply declaration included an assertion that Shenzhen IVPS "did not attend" either show (Doc. 29-1 ¶¶ 4-7), but the declaration did not disclaim ownership of the Facebook account or deny promoting the booths showcasing Shenzhen IVPS's products at these Arizona expos.  Additionally, the Furmin reply declaration acknowledged that Shenzhen IVPS "does use the SMOK_SHOW Instagram account" (Doc. 29-1 ¶ 8), which also has a profile photo bearing the SMOK® corporate emblem. (Doc. 22-1 at 22.)  Plaintiff submitted screenshots highlighting that Shenzhen IVPS's Instagram account includes tags and hashtags directed at Arizona cities ("@phoenix_vapor_," "#yuma," "#yumavapors," "#yumacommunity"), promotes an Arizona business ("@azswaggsauce"), and offers a "free shipment for clearance code" (328freeship) to use when purchasing products from Shenzhen IVPS's website. (*Id.* at 22-28.)

If the Court had been asked to rule on Shenzhen IVPS's jurisdictional challenge (instead of that challenge being withdrawn), it would have applied the Ninth Circuit's three-prong test to determine whether Shenzhen IVPS was subject to specific personal jurisdiction in Arizona:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Without wading too deep into the analysis, the Court has no trouble concluding that the motion to dismiss for lack of personal jurisdiction would have been denied had it not

been withdrawn. Resolving all disputed facts in Plaintiff's favor, the three prongs above would have been met. The first prong would have been satisfied because Shenzhen IVPS sold its products and offered ongoing support to consumers in Arizona, promoted booths showcasing its products at expos in Tucson and Phoenix, and specifically targeted Arizona cities via social media hashtags. The second prong would have been satisfied because Plaintiff's claim arises out of Shenzhen IVPS's direct sale[4] of allegedly defective goods to a consumer in Arizona, resulting in an injury in Arizona. The third prong would have been satisfied because Shenzhen IVPS failed to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Aside from personal jurisdiction, Shenzhen IVPS asserts in its motion for reconsideration that its motion to vacate also raised three substantive defenses to liability pursuant to A.R.S. § 12-683: "the state-of-the-art, product modification or alteration, and product misuse or abuse." (Doc. 38 at 2-3.) But it is revisionist history for Shenzhen IVPS to suggest that it identified these defenses as part of the "meritorious defense" argument in its motion to vacate default.

In the second paragraph of its two-paragraph argument as to the "culpable conduct" *Falk* factor—*not* the "meritorious defense" *Falk* factor—Shenzhen IVPS stated that it "believe[d] that the Complaint failed to meet the minimum pleading standard" and that "[t]he lack of any identifying information regarding the product at issue in the pleading led IVPS to believe that it could not be responsible for the same nor needed to respond to the same." (*Id.* at 5-6.) This was not an assertion of a meritorious defense—it was a rationale for not responding to the complaint, which the Court addressed as follows:

> A defendant can choose not to respond to a complaint and instead allow default to be entered, but it is a risky choice—it amounts to a concession of all facts alleged in the complaint—and the making of such a choice does not provide grounds for vacating the opted-for entry of default.

(Doc. 37 at 9.)

---

[4] The complaint alleges that Plaintiff's aunt ordered the e-cigarette online "from" Shenzhen IVPS. (Doc. 1 ¶ 10.)

- 10 -

Shenzhen IVPS also briefly discussed alleged pleading deficiencies in its motion in the alternative for a more definite statement (Doc. 21 at 12-13), but Shenzhen IVPS later took steps to expressly withdraw that motion (as well as the motion to dismiss for lack of personal jurisdiction) from the Court's consideration. (Doc. 35.) At any rate, at no point in the filing at Doc. 21 did Shenzhen IVPS ever mention A.R.S. § 12-683 or the purported defenses of "the state-of-the-art, product modification or alteration, and product misuse or abuse." These defenses were never timely raised and do not warrant reconsideration. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

## CONCLUSION

The Court will not reconsider its order denying Shenzhen IVPS's motion to vacate entry of default.

Also, Plaintiff has now filed a motion for default judgment. (Doc. 39.) As noted in the November 1, 2022 order, Shenzhen IVPS's response may not challenge the truth of the well-pleaded allegations in the complaint, which are taken as true due to the default, but it may challenge whether those allegations, taken as true, entitle Plaintiff to relief. *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) ("Although the entry of default was within the court's discretion, Albright may contest the legal sufficiency of allegations contained in the complaint."). Shenzhen IVPS also may challenge Plaintiff's evidence as to damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."). *See generally Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages. Damages, which are neither susceptible of mathematical computation nor liquidated as of the default, usually must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to

contest the amount.") (citations omitted); *Rubicon Global Ventures, Inc. v. Chongqing Zongshen Group Import/Export Corp.*, 226 F.Supp.3d 1141, 1147 (D. Or. 2016) ("[C]ourts generally agree that a defaulting party has the right to participate in [a damages] hearing. This does not mean the defaulting party may present evidence going solely to liability, but she may cross-examine the opposing witnesses and introduce evidence on her own behalf in mitigation of the damages. . . . [R]egardless of the reason Defendants defaulted, they were present and active in this case at the time the evidentiary hearing was held. In fact, their involvement prior to the hearing was extensive, and forbidding them from participating at this point would be incongruent with modern treatment of defaulting parties.") (cleaned up).

Accordingly,

**IT IS ORDERED** that Shenzhen IVPS's motion for reconsideration (Doc. 38) is **denied**.

Dated this 8th day of December, 2022.

_____
Dominic W. Lanza
United States District Judge